IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SYLVESTER C. MANGUS                                            PLAINTIFF

vs.                          Civil No. 4:07-cv-04087

MICHAEL J. ASTRUE                                             DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sylvester C. Mangus ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for SSI on April 25, 2005. (Tr. 51). Plaintiff alleged he was disabled due to left knee problems. (Tr. 59). Plaintiff subsequently alleged he was disabled due to back and lower abdomen problems and mental problems. (Tr. 75). These applications were initially denied on August 3, 2005 and were denied again on reconsideration on December 7, 2005. (Tr. 41-

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

46). On January 20, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 35). The hearing was held on April 12, 2007 in Texarkana, Arkansas. (Tr. 143-160). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had his high school diploma. (Tr. 146).

On June 29, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 12-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2005, his alleged onset date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the severe impairments of disorders of the spine; right inguinal hernia; and affective disorder. (Tr. 14, Finding 2). The ALJ found Plaintiff's alleged knee problems to be "not severe" based on the failure to submit persuasive medical records relative to this impairment. (Tr. 14). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-19, Finding 4). The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 16-19). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's medical records were not consistent with his complaints of disabling pain; (2) Plaintiff's functional limitations were not supported by the

evidence; (3) Plaintiff actively looks for work and is able to perform many daily activities which are inconsistent with his impairments; (4) Plaintiff has not used prescription for some time and currently only uses over-the-counter medication; (5) his alleged limitations appear to be self imposed. (Tr. 17-19).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 16, Finding 4). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity for a wide range of unskilled medium exertional level work. Medium work involves lifting up to 50 pounds at one time with occasional lifting and carrying of objects up to 25 pounds. With normal breaks, the claimant has the ability to stand and/or for about 6 hours in an 8-hour workday and sit for about 6 hours in an 8 hour workday. The full range of medium exertional work is diminished by the following non-exertional limitations: the ability for only occasionally climbing or ropes, ladders, and scaffolds; and occasional kneeling and crawling. The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work. From a mental health perspective, the claimant is only able to perform work where interpersonal contact is incidental to the work performed and the complexity of the tasks is limited to a few variables that require both little judgment and supervision.

(Tr. 16-19, Finding 4). *See* 20 C.F.R. § 416.967.

The ALJ next determined Plaintiff was unable to perform his Past Relevant Work ("PRW"). (Tr. 19, Finding 5). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 147-148, 157). Plaintiff's PRW included work as a carpenter, painter, and factory worker. (Tr. 147-148). The ALJ then used Medical-Vocational Guidelines Rule 203.22 to direct a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. See 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.22. The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time from April 25, 2005 through the date

3

of his decision or through June 29, 2007. (Tr. 20-21, Finding 10).

On July 2, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.984(b)(2). On August 29, 2007, the Appeals Council declined to review this determination. (Tr. 3-5). On September 19, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 21, 2007. (Doc. No. 2).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

4

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination; (B) the ALJ improperly relied upon the Medical-Vocation Guidelines ("Grids"); (C) the ALJ erred in his evaluation of Plaintiff's subjective complaints; and (D) the ALJ failed to

properly develop the record. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ properly determined Plaintiff's RFC; (C) the ALJ properly used the Medical-Vocation Guidelines; and (D) the ALJ properly developed the record.

**A. Credibility Determination**

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 16-19). Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for his pain; the type, dosage, effectiveness and any alleged adverse side effects of his pain medication; his treatment for pain other than medication; his functional restrictions; and his restrictions on daily living. (Tr. 16-19).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) Plaintiff's medical records were not consistent with his complaints of disabling pain; (2) Plaintiff's functional limitations were not supported by the evidence; (3) Plaintiff actively looks for work and is able to perform many daily activities which are inconsistent with his impairments; (4) Plaintiff has not used prescription for some time and currently only uses over-the-counter medication; (5) his alleged limitations appear to be self imposed. (Tr.17-19).

7

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. Duty to Fully Develop the Record

Plaintiff argues the ALJ failed to properly develop the record because there is a lack of medical records and information. He asserts there are only consultative exams as part of the record. The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff underwent both a physical and psychiatric consultative examination. (Tr. 18, 103-142). Plaintiff underwent a Mental Status and Evaluation Of Adaptive Functioning, which Betty J. Feir, Ph.D., a clinical psychologist, conducted on June 9, 2005. (Tr. 103-106). Also the Plaintiff went to the OGE Family Clinic for a General Physical examination on June 29, 2005. (Tr. 107-

113). Finally, On July 25, 2005, Kimberly G. Adametz, M.D., performed an RFC assessment of Plaintiff. (Tr. 115-121).

Although Plaintiff argues additional testing should be done, he fails to state what additional testing is needed. Plaintiff testified he has not received any medical treatment since 1997 or 1998 when he was seen by a doctor for his injured knee. (Tr. 148-149, 153-154). Because Plaintiff has not received medical care in more than 10 years there are no medical records in existence for the ALJ to obtain. Accordingly, Plaintiff has failed to demonstrate either that the record was not fully developed, or prejudice if the record was not in fact fully and fairly developed. I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### C. Residual Functional Capacity

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. In response, Defendant argues the ALJ properly evaluated Plaintiff's RFC.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and

for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff had severe impairments of disorders of the spine; right inguinal hernia; and affective disorder. The ALJ determined Plaintiff's severe impairments limited his RFC to performing a wide rage of medium level work. (Tr. 13). The ALJ found Plaintiff retained the RFC to lift or carry twenty-five pounds frequently and fifty pounds occasionally; he could stand, walk, or sit for six hours during an eight-hour workday; and he could occasionally kneel, crawl, and climb ropes, ladders, and scaffolds. (Tr. 16, Finding 4). Because of a mental impairment, the ALJ found Plaintiff's work ability was limited to jobs where interpersonal contact was incidental to the work performed and the complexity of the tasks were limited to a few variables that required both little judgment and supervision. (Tr. 16, Finding 4).

As noted above, Plaintiff provided no medical evidence to support his allegations of being disabled. On June 29, 2005 Plaintiff was seen for a consultative General Physical Exam at the OGE Family Clinic. (Tr. 107-114). Plaintiff had normal range of motion of the spine, shoulders, elbows, wrists, hands, hips, knees, and ankles. (Tr. 110). Plaintiff did not have any muscle weakness or atrophy, and his gait and coordination were normal. (Tr. 111). Plaintiff had a normal neurological and limb function exam. (Tr. 111). The OGE's physician diagnosis was Plaintiff had an inguinal hernia and back pain, and he limited Plaintiff's ability to stoop and kneel as a result of those impairments. (Tr. 113).

On July 25, 2005, Kimberly G. Adametz, M.D., performed an RFC assessment of Plaintiff. (Tr. 115-121). Dr. Adametz determined Plaintiff had the ability to lift and carry fifty pounds occasionally and twenty-five pounds frequently; he could stand and/or walk for at least six hours in an eight-hour workday; he could sit for about six hours in an eight-hour workday; and he had unlimited pushing and pulling limitations, other than overhead restrictions. (Tr. 116). Dr. Adametz also found Plaintiff did not have any postural, manipulative, visual, communicative, or environmental limitations. (Tr. 117-119).

On June 9, 2005 Plaintiff was seen by Dr. Betty Feir for a Mental Status and Evaluation Of Adaptive Functioning exam. (Tr. 103-106). Dr. Feir indicated Plaintiff rode his bicycle to the appointment. (Tr. 103). Dr. Feir reported Plaintiff's attitude was cordial and cooperative; his concentration, persistence and pace was limited because he had problems focusing and staying on topic. Plaintiff denied having any hallucinations. (Tr. 104). Plaintiff's memory and abstract thinking were normal. (Tr. 104-105). Plaintiff's communication was normal, and his estimated IQ was eighty or greater. (Tr. 105). Dr. Feir diagnosed Plaintiff with major depressive disorder and a history of substance abuse. (Tr. 105). Dr. Feir also concluded Plaintiff did not have adaptive functioning consistent with mental retardation. (Tr. 106). Dr. Feir found Plaintiff did not have any limitations in adaptive functioning, and was able to manage funds without assistance. (Tr. 106).

Finally, Plaintiff's testimony supports the ALJ's RFC assessment. Plaintiff testified he has only occasional back pain, has no problems sitting, and is able to walk "pretty far." (Tr. 152). Plaintiff indicated he attends church activities two to three times a week. (Tr. 155). Plaintiff also testified he can drive and perform odd jobs, such as washing windows, mowing lawns, and painting. (Tr. 155, 158).

I find substantial evidence supports the ALJ's finding of Plaintiff's RFC assessment for a

wide rage of medium level work.

### D. Medical-Vocational Guidelines

The ALJ used the Medical-Vocational Grids to reach a conclusion of "not disabled." (Tr. 20, Finding 9). The ALJ found Plaintiff was a fifty-four year old individual (an individual closely approaching advanced age) with a high school education, who had the RFC to perform a wide range of unskilled, medium level work. (Tr. 20, Finding 9). Plaintiff argues substantial evidence does not support this finding.

If the ALJ properly determines that a claimant's RFC is not significantly diminished by a non-exertional limitation, then the ALJ may rely exclusively upon the Grids, and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a non-exertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "non-exertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Non-exertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

The ALJ found Plaintiff had non-exertional limitations that limited Plaintiff to occasionally kneeling, crawling, and climbing ropes, ladders, and scaffolds. (Tr. 16). The ALJ further found

these limitations, that precluded Plaintiff from performing the full range of medium work, had little or no effect on the occupational base of unskilled, medium level work. (Tr. 20). As a result, the ALJ used Medical-Vocational Guidelines Rule 203.22 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.22.

The medical evidence in the record in this case supprots the ALJ's findings that these limitations would have little effect on Plaintiff's ability to perform a wide range of medium work. Therefore, the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of September, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE